**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY<br>3100 Sanders Road, Suite 201<br>Northbrook, IL 60062<br><br>vs.<br><br>TUY QUOC PHAN<br>902 Penn Avenue<br>Drexel Hill, PA 19026<br><br>and<br><br>TAM NGOC THU TRUONG<br>902 Penn Avenue<br>Drexel Hill, PA 19026<br><br>and<br><br>FAMILY SNACK & CANDY, LLC<br>d/b/a FAMILY SNACK AND SMOKE SHOP<br>5401 Cedar Avenue<br>Philadelphia, PA 19143<br><br>and<br><br>NICOLE PETTY<br>2415 Nicholas Street<br>Philadelphia, PA 19121 | : | CIVIL ACTION LAW<br><br>NO. |

**DECLARATORY JUDGMENT COMPLAINT**

1. This is an action for Declaratory Judgment seeking a declaration of the rights and liabilities of the parties under a House & Home Policy issued by Plaintiff Allstate Vehicle and Property Insurance Company ("Allstate") to Tuy Phan and Tam Truong (collectively, "Phan and Truong"), in relation to a civil action lawsuit captioned Nicole Petty vs. Tuy Quoc Phan, Tam Ngoc Thu Truong, and Family Snack & Candy LLC d/b/a Family Snack and Smoke Shop, and

filed in the Court of Common Pleas of Philadelphia County, Pennsylvania, Case No. 260602617 (hereinafter "the Underlying Lawsuit").

**PARTIES**

2. Allstate is an insurance company incorporated in the State of Illinois, with a principal place of business at 3100 Sanders Road, Suite 201, Northbrook, IL 60062 and duly licensed to conduct business in the Commonwealth of Pennsylvania.

3. Defendants, Tuy Quoc Phan ("Phan") and Tam Ngoc Thu Truong ("Truong") are, upon information and belief, husband and wife, adult individuals who, at all times relevant, maintained a residence at 902 Penn Avenue, Drexel Hill, PA 19026 ("902 Penn Avenue"), and who are further owners of 5401 Cedar Avenue, Philadelphia, PA 19143 ("5401 Cedar Avenue" or "the Property"). Phan and Truong are, therefore, domiciled in the Commonwealth of Pennsylvania.

4. Defendant Family Snack & Candy, LLC d/b/a Family Snack and Smoke Shop ("Family Snack & Candy"), is, according to the pleadings in the Underlying Lawsuit, a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address at 5401 Cedar Avenue, Philadelphia, PA 19143.

5. Defendant, Nicole Petty ("Plaintiff in the Underlying Lawsuit") is an adult individual who, at all times relevant, and according to the pleadings in the Underlying Lawsuit, was an adult resident of 2415 Nicholas Street, Philadelphia, PA 19121.

**JURISDICTION**

6. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332 (Diversity Citizenship) because the citizenship of the parties is diverse and the amount in controversy is, upon information and belief, in excess of $75,000.00.

**HISTORY OF CONTROVERSY**

7. At all times relevant, Allstate insured Phan and Truong according to the terms, conditions and exclusions of an Allstate House & Home Policy, Policy No. 818012226, for the policy period March 15, 2025 through March 15, 2026 ("the Policy"). The Policy insures the property at 5401 Cedar Avenue, Philadelphia, PA 19143 ("the Property"). A true and correct copy of the Policy is attached as Exhibit "A" and incorporated by reference.

8. On or about June 18, 2026, Plaintiff in the Underlying Lawsuit filed a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, Case No. 260602617, against Phan, Truong, and Family Snack & Candy. A true and correct copy of the Complaint in the Underlying Lawsuit is attached as Exhibit "B" and incorporated by reference.

9. Plaintiff in the Underlying Lawsuit alleges that, while on the Property as a business invitee and/or licensee on or about February 19, 2026, she was caused to trip and fall on an improperly positioned and defective welcome mat, which resulted in serious and permanent personal injuries. See Exhibit "B" at paragraph 10.

10. The Complaint in the Underlying Lawsuit alleges, *inter alia*, that Phan, Truong, and Family Snack & Candy were negligent by:

a. failing to remove, repair, replace, and/or properly secure the defective and misplaced welcome mat in a timely manner so as to prevent customers from tripping thereon;
b. leaving the defective, raised, uneven, and/or misplaced welcome mat in a dangerous and non-conspicuous location so as to create a hidden trap for unwary consumers on the premises;
c. failure to regard the rights, safety, and position of Plaintiff in the Underlying Lawsuit in and about the area of the aforementioned accident;
d. failure to request and supervise periodic inspections of the premises, including the area where the defective and misplaced welcome mat was located, by Phan, Truong, and Family Snack & Candy Shop's employees and/or agents;
e. failure to reasonably inspect, maintain, secure, repair, and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents, and/or injuries that could occur as a result of the defective, dangerous, unsafe, raised, uneven, and/or misplaced welcome mat on the premises;

f. failure to provide sufficient warning to Plaintiff in the Underlying Lawsuit as to the existence of the reasonably foreseeable defective, dangerous, and unsafe condition created by the defective and misplaced welcome mat giving rise to the Underlying Action;

g. failure to provide adequate safeguards to prevent injury to Plaintiff in the Underlying Lawsuit; and

See Exhibit "B" at paragraphs 13, 20, 27.

11. As a direct and proximate result of the negligent and/or careless conduct of Phan, Truong, and Family Snack & Candy Shop, Plaintiff in the Underlying Lawsuit suffered cervical disc protrusions, cervical disc herniations, a thoracic disc protrusion, lumbar disc protrusions, a tear of the posterior horn medial meniscus of the right knee, and an interstitial tear of the distal achilles tendon in the right ankle. See Exhibit "B" at paragraphs 14, 21, 28.

12. As a result of these injuries, Plaintiff in the Underlying Lawsuit suffered or will suffer great anguish, sickness, agony, emotional injuries, loss of earnings and/or earning capacity, and has incurred and/or will incur medical, rehabilitative, and other related expenses. See Exhibit "B" at paragraphs 15-18; 22-25; 29-32.

13. After reviewing the Complaint in the Underlying Lawsuit, Allstate informed Phan and Truong that it would provide a defense under the Policy to the claims asserted, but that it was reserving its rights under the Policy. A true and correct copy of the Reservation of Rights Letter is attached as Exhibit "C" and incorporated by reference.

14. Allstate retained counsel to defend Phan and Truong.

15. When applying for the Policy, in or around March 2023, Phan represented on the Policy Application that Phan and Truong purchased the Property in October 2015. A true and correct copy of the Policy Application, Application No. 199230668569476 is attached as Exhibit "D" and incorporated by reference.

16. On the Policy Application, Phan represented that 5401 Cedar Avenue was Phan and Truong's primary residence. See Exhibit "D" at BS 0005.

17. On the Policy Application, Phan represented that there was no store, business, or professional activity at 5401 Cedar Avenue. See Exhibit "D" at BS 0005.

18. On the Policy Application, Phan represented that 5401 Cedar Avenue was not rented to others. See Exhibit "D" at BS 0005.

19. Phan electronically signed the Policy Application on or about March 9, 2023. See Exhibit "D" at BS 0007.

20. The Policy's original effective date was March 15, 2023, and the Policy subsequently renewed on March 15, 2024, March 15, 2025, and March 15, 2026. True and correct copies of the Policy Declarations for the original policy period and each subsequent renewal period are collectively attached as Exhibit "E" and incorporated by reference.

21. During each of the aforementioned renewals, Phan represented that he and Truong resided at 5401 Cedar Avenue. See Exhibit "E".

22. However, at the time Phan applied for the Policy, he and/or Truong were not residing at 5401 Cedar Avenue and had been using 5401 Cedar Avenue as a pharmacy.

23. According to the Pennsylvania Department of State, Golden Health Pharmacy, LLC is an actively registered LLC with a registered office of 5401 Cedar Avenue. A true and correct copy of the filing information for Golden Health Pharmacy, LLC is attached as Exhibit "F" and incorporated by reference.

24. On or about December 16, 2015, the Philadelphia Department of Licenses and Inspections issued a Use Permit to Phan, which authorized the first floor of 5401 Cedar Avenue

for use for "Retail sale of sundries, pharmaceuticals and convenience sales." A true and correct copy of the Use Permit is attached as Exhibit "G" and incorporated by reference.

25. Moreover, on or about July 2, 2026, that is after requesting a defense to the claims asserted in the Complaint in the Underlying Lawsuit, Truong informed Allstate that she and Phan closed their store in October 2024, and that they have never resided at 5401 Cedar Avenue.

26. However, on or about October 30, 2024, Phan and Truong entered into a lease agreement with Family Snack & Candy. A true and correct copy of the Lease is attached as Exhibit "H" and incorporated by reference.

27. The Lease became effective on or about November 8, 2024 and expired on or about November 8, 2026. See Exhibit "H" at BS 0003.

28. According to the Lease, the first floor of 5401 Cedar Avenue was leased to Family Snack & Candy. See Exhibit "H" at BS 0002.

29. According to the Lease, the monthly rent was approximately $1,800.00. See Exhibit "H" at BS 0003.

30. The Lease specifies that the tenant, Family Snack & Candy, will use the Property for "commercial" use. See Exhibit "H" at BS 0004.

31. The Lease also requires the tenant, Family Snack & Candy, to maintain liability insurance. See Exhibit "H" at BS 0006.

32. On or about December 27, 2024, the Philadelphia Department of Licenses and Inspections issued a Zoning Permit to Phan and Truong, which authorized a change in use to 5401 Cedar Avenue, and an approved use of "Retail Sales – Food, Beverages, and Groceries." A true and correct copy of the Zoning Permit is attached as Exhibit "I" and incorporated by reference.

33. On or about February 13, 2025, the Philadelphia Department of Licenses and Inspections issued a License to Family Snack & Candy for "Food Establishment, Retail Permanent Location" and identifying 5401 Cedar Avenue as the business mailing address. A true and correct copy of the License is attached as Exhibit "J" and incorporated by reference.

34. On August 26, 2026, Phan and Truong filed an Answer to the Complaint in the Underlying Lawsuit with New Matter. A true and correct copy of Phan and Truong's Answer with New Matter is attached as Exhibit "K" and incorporated by reference.

35. In response to paragraph 2 of the Complaint in the Underlying Lawsuit, Phan and Truong averred the following:

> Admitted in part; denied in part. It is admitted only Defendant, **Tuy Quoc Phan, is a resident of the Commonwealth of Pennsylvania, residing at 902 Penn Avenue, Drexel Hill, PA 19026, and, at the time in question was a co-owner of 5401 Cedar Avenue, Philadelphia, PA 19143** with his wife, Co-Defendant, Tam Ngoc Thu Truong; **said property was leased to Muaadh Swileh**, who is believed to have been the proprietor of Co-Defendant Family Snack and Candy LLC, d/b/a Family Snack and Smoke Shop, at the time in question. **It is denied Answering Defendant possessed, controlled, or was otherwise responsible for the premises at 5401 Cedar Avenue at the time in question.** Strict proof is demanded at the time of trial.

See Exhibit "K" paragraph 2 (emphasis added).

36. In response to paragraph 3 of the Complaint in the Underlying Lawsuit, Phan and Truong averred the following:

> Admitted in part; denied in part. It is admitted only Defendant, **Tam Ngoc Thu Truong, is a resident of the Commonwealth of Pennsylvania, residing at 902 Penn Avenue, Drexel Hill, PA 19026, and, at the time in question was a co-owner of 5401 Cedar Avenue, Philadelphia, PA 19143** with her husband, Co-Defendant, Tuy Quoc Phan; **said property was leased to Muaadh Swileh**, who is believed to have been the proprietor of Co-Defendant Family Snack and Candy LLC, d/b/a Family Snack and Smoke Shop, at the time in question. **It is denied Answering Defendant possessed,**

> **controlled, or was otherwise responsible for the premises at 5401 Cedar Avenue at the time in question.** Strict proof is demanded at the time of trial.

See Exhibit "K" paragraph 3 (emphasis added).

37. In response to paragraph 4 of the Complaint in the Underlying Lawsuit, Phan and Truong averred the following:

> Admitted upon information and belief, at the time in question, Co-Defendant **Family Snack and Candy LLC**, d/b/a Family Snack and Smoke Shop, **was a business entity registered to conduct business in the Commonwealth of Pennsylvania, with a business address of 5401 Cedar Avenue, Philadelphia, PA 19143, and** at all times material hereto **maintained, possessed, leased, and was otherwise legally responsible for the care, control, and safety of the premises at 5401 Cedar Avenue.**

See Exhibit "K" paragraph 4 (emphasis added).

38. Accordingly, on or about February 19, 2026, Phan and Truong resided at 902 Penn Avenue. See Exhibit "K" paragraphs 2-3.

39. On or about February 19, 2026, Phan and Truong did not reside at 5401 Cedar Avenue, but rather, used the Property as a rental and/or held the Property for rental. See Exhibit "H".

40. On or about February 19, 2026, Family Snack & Candy, a rent paying tenant, occupied the first floor of 5401 Cedar Avenue. See Exhibit "H".

41. Family Snack & Candy LLC, a rent paying tenant, had the right to possess the first floor of 5401 Cedar Avenue free from unreasonable interference from Phan and Truong.

42. On or about September 14, 2026, Family Snack & Candy filed cross-claims in the Underlying Lawsuit against Phan and Truong for contribution and indemnification. A true and correct copy of the cross-claims filed by Family Snack & Candy in the Underlying Lawsuit is attached as Exhibit "L" and incorporated by reference.

43. Allstate files this Declaratory Judgment Action seeking a Court determination of the rights and liabilities of the above named parties with regard to Allstate's Policy issued to Defendants herein, Tuy Phan and Tam Truong, and the Underlying Lawsuit filed by Nicole Petty.

## COUNT I

44. The averments contained in all preceding paragraphs of this Declaratory Judgment Complaint are incorporated by reference as if the same were more fully set forth at length.

45. The Policy contains the following provisions:

> **Insuring Agreement**
> In reliance on the information **you** have given **us**, **we** agree to provide the coverages indicated on the Policy Declarations. In return, **you** must pay the premium when due and comply with the policy terms and conditions, and inform **us** of any change in title, use or occupancy of the **residence premises**.
>
> . . .
>
> This policy imposes joint obligations on the Named Insured(s) listed on the Policy Declarations and on that person's resident spouse. These persons are defined as **you** and **your**. This means that the responsibilities, acts and omissions of a person defined as **you** or **your** will be binding upon any other person defined as **you** and **your**.
>
> This policy imposes joint obligations on persons defined as an **insured person**. This means that the responsibilities, acts and failures to act of a person defined as an **insured person** will be binding upon another person defined as an **insured person**.

<u>See</u> Exhibit "A" at BS 0024.

46. The Policy also contains the following definitions:

> 4. **Dwelling**—means the single-family **building structure**, identified as the insured property on the Policy Declarations, where **you** reside and which is principally used as a private residence.
>
> . . .

> 10. **Residence premises**—means the **dwelling**, other structures and land located at the address stated on the Policy Declarations.

See Exhibit "A" at BS 0023-0024.

47. The address stated in the Policy Declarations is 5401 Cedar Avenue, Philadelphia, PA 19143. See Exhibit "A" at BS 0008.

48. The Policy requires Phan and Truong to reside at 5401 Cedar Avenue.

49. On the Policy Application, Phan represented that 5401 Cedar Avenue was Phan and Truong's primary residence. See Exhibit "D" at BS 0005.

50. On the Policy Application, Phan represented that there was no store, business, or professional activity at 5401 Cedar Avenue. See Exhibit "D" at BS 0005.

51. However, at the time Phan applied for the Policy, he and/or Truong had been using 5401 Cedar Avenue as a pharmacy.

52. Specifically, at the time Phan applied for the Policy, Phan and/or Truong operated Golden Health Pharmacy, LLC at 5401 Cedar Avenue.

53. Moreover, on or about July 2, 2026, Truong informed Allstate that Phan and Truong have never resided at 5401 Cedar Avenue.

54. Courts have held that the Policy language is clear that an insured's residency at the Property is a condition precedent to insurance coverage. Chong Chen v. Allstate Ins. Co., 2012 WL 460416, at *6 (E.D. Pa. Feb. 14, 2012) citing Certain Underwriters at Lloyd's London, England v. Clark, 1998 WL 404807, at *6 (E.D. Pa. July 16, 1998) (holding that residency is a "condition precedent" to coverage in an insurance policy solely covering "residence premises").

55. Under Pennsylvania law, "construction of the term 'resident' in an insurance policy is a matter of law." Chen, 2012 WL 460416, at *6; Mu'Min v. Allstate Property & Cas. Ins. Co.,

2011 WL 3664301, at *9 (E.D. Pa. Aug. 17, 2011) (citing Nationwide Mut. Ins. Co. v. Budd-Baldwin, 947 F.2d 1098, 1100 (3d Cir. 1991)).

56. Pennsylvania courts recognize "the classical definition[]" of the word "residence" as requiring living in a "particular place." Krager v. Foremost Ins. Co., 450 A.2d 736, 737–38 (Pa. Super. Ct. 1982).

57. Notably, "residency" requires, "at the minimum, some measure of permanency or habitual repetition." Chen, 2012 WL 460416, at *6 (citing Erie Ins. Exchange v. Weryha, 931 A.2d 739, 744 (Pa. Super. Ct. 2007)).

58. Phan and/or Truong's failure to reside at 5401 Cedar Avenue is a material breach of the Policy and a condition precedent to coverage.

59. Pursuant to the Joint Obligation Clause, cited above, the responsibilities, acts, and omissions of Phan and/or Truong are binding upon both Phan and Truong.

60. As such, Phan's representations on the Policy Application are binding upon both Phan and Truong, regardless of the fact that only Phan signed the Policy Application.

61. Moreover, the failure of either Phan or Truong to reside at 5401 Cedar Avenue is binding upon both Phan and Truong, and precludes coverage for both Phan and Truong.

62. Therefore, pursuant to the Policy language cited above, there is no coverage for the claims asserted against Phan and Truong in the Complaint in the Underlying Lawsuit, since residency at 5401 Cedar Avenue is a condition precedent to coverage under the Policy issued to Phan and Truong.

WHEREFORE, Plaintiff, Allstate Vehicle and Property Insurance Company, respectfully requests that this Honorable Court issue an Order declaring that Allstate does not have a duty to defend or indemnify Tuy Quoc Phan or Tam Ngoc Thu Truong under Allstate House & Home

Policy, Policy No. 818012226, for the claims asserted by Nicole Petty in the Complaint filed in the Court of Common Pleas of Philadelphia County, Pennsylvania, Case No. 260602617, or for any claims asserted by Family Snack & Candy LLC d/b/a Family Snack and Smoke Shop, and authorizing Allstate's selected counsel to withdraw his/her appearance on behalf of defendants Tuy Phan and Tam Truong in the aforementioned action upon Praecipe filed.

**COUNT II**

63. The averments contained in all preceding paragraphs of this Declaratory Judgment Complaint are incorporated by reference as if the same were more fully set forth at length.

64. As mentioned above, the Policy contains the following provisions:

> **Insuring Agreement**
> In reliance on the information **you** have given **us**, **we** agree to provide the coverages indicated on the Policy Declarations. In return, **you** must pay the premium when due and comply with the policy terms and conditions, and inform **us** of any change in title, use or occupancy of the **residence premises**.
>
> . . .
>
> This policy imposes joint obligations on the Named Insured(s) listed on the Policy Declarations and on that person's resident spouse. These persons are defined as **you** and **your**. This means that the responsibilities, acts and omissions of a person defined as **you** or **your** will be binding upon any other person defined as **you** and **your**.
>
> This policy imposes joint obligations on persons defined as an **insured person**. This means that the responsibilities, acts and failures to act of a person defined as an **insured person** will be binding upon another person defined as an **insured person**.

See Exhibit "A" at BS 0024.

65. In addition, the Policy contains the following:

> **Misrepresentation, Fraud Or Concealment**
> **We** may void this policy if it was obtained by misrepresentation, fraud or concealment of material facts. If **we** determine that this

> policy is void, all premiums paid will be returned to **you** since there has been no coverage under this policy.
>
> **We** do not cover any loss or **occurrence** in which any **insured person** has concealed or misrepresented any material fact or circumstance.

See Exhibit "A" at BS 0024.

66. First, Phan represented on the Policy Application that both he and Truong were residing at 5401 Cedar Avenue, and that 5401 Cedar Avenue was their primary residence. See Exhibit "D" at BS 0005.

67. Likewise, during each subsequent renewal, Phan represented that both he and Truong were residing at 5401 Cedar Avenue. See Exhibit "E".

68. However, Phan and Truong admitted that, at the time of Plaintiff in the Underlying Lawsuit's alleged February 19, 2026 trip and fall, they were not residing at 5401 Cedar Avenue. See Exhibit "K" at paragraphs 2-3.

69. Phan and Truong also admitted that, at the time of Plaintiff in the Underlying Lawsuit's alleged February 19, 2026 trip and fall, they were residing at 902 Penn Avenue, Drexel Hill, PA 19026. See Exhibit "K" at paragraphs 2-3.

70. Moreover, Phan and Truong admitted that, at the time of Plaintiff in the Underlying Lawsuit's alleged February 19, 2026 trip and fall, 5401 Cedar Avenue was leased and/or rented to Family Snack & Candy, a rent-paying tenant. See Exhibit "K" at paragraphs 2-4.

71. Accordingly, Phan and/or Truong did not use 5401 Cedar Avenue as their primary residence.

72. Second, Phan represented on the Policy Application that there was no store, business, or professional activity at 5401 Cedar Avenue. See Exhibit "D" at BS 0005.

73. However, on or about December 16, 2015, the Philadelphia Department of Licenses and Inspections issued a Use Permit to Phan, which authorized the first floor of 5401 Cedar Avenue to be used for retail, pharmaceutical, and convenience sales. See Exhibit "G".

74. As such, Phan and/or Truong operated Golden Health Pharmacy, LLC at 5401 Cedar Avenue at the time Phan applied for the Policy.

75. Accordingly, there was a store, business, and/or professional activity at 5401 Cedar Avenue.

76. Phan's representations that both he and Truong were residing at 5401 Cedar Avenue, and that 5401 Cedar Avenue was their primary residence, were not true, as they did not reside at 5401 Cedar Avenue.

77. Phan's representations that no store, business or professional activity at 5401 Cedar Avenue were not true, as Phan and/or Truong operated a pharmacy at 5401 Cedar Avenue.

78. These representations constitute a breach of the duty of good faith and fair dealing, are a material breach of the Policy, and excuse Allstate from further performance.

79. Phan was also aware that these representations were false when made, and thus, Phan willfully misrepresented or concealed such facts.

80. Each of the foregoing willful misrepresentations of fact and/or willful concealments of fact were material to Allstate in that revelation of the truth of these matters would have influenced Allstate's decision to issue the Policy, the ability of Allstate to evaluate the degree and character of the risk associated with insuring the Property, and/or the determination of the appropriate premium rate to charge an appropriate insured under the Policy.

81. Pursuant to the Joint Obligation Clause, cited above, the responsibilities, acts, and omissions of Phan and/or Truong are binding upon both Phan and Truong.

82. As such, Phan's representations on the Policy Application are binding upon both Phan and Truong, regardless of the fact that only Phan signed the Policy Application.

83. As a result, Phan's material misrepresentations on the Policy Application are binding upon both Phan and Truong, and preclude coverage for both Phan and Truong.

84. Therefore, pursuant to the Policy language cited above, there is no coverage for the claims asserted against Phan and Truong in the Complaint in the Underlying Lawsuit because Phan's material misrepresentations and/or concealment of material facts constituted a material breach of the Policy.

WHEREFORE, Plaintiff, Allstate Vehicle and Property Insurance Company, respectfully requests that this Honorable Court issue an Order declaring that Allstate does not have a duty to defend or indemnify Tuy Quoc Phan or Tam Ngoc Thu Truong under Allstate House & Home Policy, Policy No. 818012226, for the claims asserted by Nicole Petty in the Complaint filed in the Court of Common Pleas of Philadelphia County, Pennsylvania, Case No. 260602617, or for any claims asserted by Family Snack & Candy LLC d/b/a Family Snack and Smoke Shop, and authorizing Allstate's selected counsel to withdraw his/her appearance on behalf of defendants Tuy Phan and Tam Truong in the aforementioned action upon Praecipe filed.

## COUNT III

85. The averments contained in all preceding paragraphs of this Declaratory Judgment Complaint are incorporated by reference as if the same were more fully set forth at length.

86. As mentioned above, the Policy contains the following provisions:

> **Insuring Agreement**
> In reliance on the information **you** have given **us**, **we** agree to provide the coverages indicated on the Policy Declarations. In return, **you** must pay the premium when due and comply with the policy terms and conditions, and inform **us** of any change in title, use or occupancy of the **residence premises**.

> . . .
>
> This policy imposes joint obligations on the Named Insured(s) listed on the Policy Declarations and on that person's resident spouse. These persons are defined as **you** and **your**. This means that the responsibilities, acts and omissions of a person defined as **you** or **your** will be binding upon any other person defined as **you** and **your**.
>
> This policy imposes joint obligations on persons defined as an **insured person**. This means that the responsibilities, acts and failures to act of a person defined as an **insured person** will be binding upon another person defined as an **insured person**.

See Exhibit "A" at BS 0024.

87. Accordingly, the Policy specifically requires Phan and/or Truong to notify Allstate of any change in use or occupancy of 5401 Cedar Avenue. See Exhibit "A" at BS 0024.

88. First, Phan represented on the Policy Application that both he and Truong were residing at 5401 Cedar Avenue, and that 5401 Cedar Avenue was their primary residence. See Exhibit "D" at BS 0005.

89. However, Phan and Truong admitted that, at the time of Plaintiff in the Underlying Lawsuit's alleged February 19, 2026 trip and fall, they were not residing at 5401 Cedar Avenue. See Exhibit "K" at paragraphs 2-3.

90. Therefore, there was a change in occupancy of 5401 Cedar Avenue.

91. Accordingly, Phan and/or Truong were required to notify Allstate when they stopped residing at 5401 Cedar Avenue and when 5401 Cedar Avenue was no longer their primary residence.

92. However, Phan and/or Truong never informed Allstate that they stopped residing at 5401 Cedar Avenue and that 5401 Cedar Avenue was no longer their primary residence.

93. Second, Phan represented on the Policy Application that 5401 Cedar Avenue was not rented to others. See Exhibit “D” at BS 0005.

94. However, on or about October 30, 2024, Phan and Truong entered into a Lease with Family Snack & Candy, and agreed to lease the first floor of 5401 Cedar Avenue to Family Snack & Candy in exchange for $1,800.00 monthly rent. See Exhibit “H” at BS 0002-0003.

95. Moreover, Phan and Truong admitted that Family Snack & Candy “maintained, possessed, leased, and was otherwise legally responsible for the care, control, and safety of the premises at 5401 Cedar Avenue.” See Exhibit “K” paragraph 4.

96. As such, the first floor of 5401 Cedar Avenue was rented to Family Snack & Candy.

97. Therefore, there was a change in use/occupancy of 5401 Cedar Avenue.

98. Accordingly, Phan and/or Truong were required to notify Allstate when they began using 5401 Cedar Avenue as a rental, and when they began renting the first floor of 5401 Cedar Avenue to Family Snack & Candy. See Exhibit “A” at BS 0024.

99. However, Phan and/or Truong never informed Allstate that they began using 5401 Cedar Avenue as a rental or that they began renting the first floor of 5401 Cedar Avenue to Family Snack & Candy.

100. Third, Phan represented on the Policy Application that there was no store, business, or professional activity at 5401 Cedar Avenue. See Exhibit “D” at BS 0005.

101. However, Phan and/or Truong operated Golden Health Pharmacy, LLC at 5401 Cedar Avenue.

102. Similarly, Family Snack & Candy operated a food establishment at 5401 Cedar Avenue on or about February 19, 2026.

103. Indeed, Phan and Truong admitted that Family Snack & Candy had "a business address of 5401 Cedar Avenue, Philadelphia, PA 19143." See Exhibit "K" paragraph 4.

104. Moreover, the Lease between Phan and Truong and Family Snack & Candy explicitly provided that the first floor of 5401 Cedar Avenue was to be used for "commercial" use. See Exhibit "H" at BS 0004.

105. Therefore, there was a change in use of 5401 Cedar Avenue.

106. Accordingly, Phan and/or Truong were required to notify Allstate when they began using 5401 Cedar Avenue as a pharmacy, and when Family Snack & Candy began using 5401 Cedar Avenue as a food establishment.

107. However, Phan and/or Truong never informed Allstate that they began using 5401 Cedar Avenue as a pharmacy, or that Family Snack & Candy began using 5401 Cedar Avenue as a food establishment.

108. The failure of Phan and/or Truong to notify Allstate that they stopped residing at 5401 Cedar Avenue and that 5401 Cedar Avenue was no longer their residence, is a material breach of the Policy.

109. The failure of Phan and/or Truong to notify Allstate that they began using 5401 Cedar Avenue as a rental, and that they began renting the first floor of 5401 Cedar Avenue to Family Snack & Candy, is a material breach of the Policy.

110. The failure of Phan and/or Truong to notify Allstate that they began using 5401 Cedar Avenue as a pharmacy, and that Family Snack & Candy began using 5401 Cedar Avenue as a food establishment, is a material breach of the Policy.

111. Pursuant to the Joint Obligation Clause, cited above, the responsibilities, acts, and omissions of Phan and/or Truong are binding upon both Phan and Truong.

112. As such, the failure of either Phan or Truong to notify Allstate of changes in the use and/or occupancy of 5401 Cedar Avenue are binding upon both Phan and Truong, and preclude coverage for both Phan and Truong.

113. Therefore, pursuant to the Policy language cited above, there is no coverage for the claims asserted against Phan and Truong in the Complaint in the Underlying Lawsuit because Phan and/or Truong's failure to notify Allstate of the change in use and/or occupancy of 5401 Cedar Avenue constituted a material breach of the Policy.

WHEREFORE, Plaintiff, Allstate Vehicle and Property Insurance Company, respectfully requests that this Honorable Court issue an Order declaring that Allstate does not have a duty to defend or indemnify Tuy Quoc Phan or Tam Ngoc Thu Truong under Allstate House & Home Policy, Policy No. 818012226, for the claims asserted by Nicole Petty in the Complaint filed in the Court of Common Pleas of Philadelphia County, Pennsylvania, Case No. 260602617, or for any claims asserted by Family Snack & Candy LLC d/b/a Family Snack and Smoke Shop, and authorizing Allstate's selected counsel to withdraw his/her appearance on behalf of defendants Tuy Phan and Tam Truong in the aforementioned action upon Praecipe filed.

## COUNT IV

114. The averments contained in all preceding paragraphs of this Declaratory Judgment Complaint are incorporated by reference as if the same were more fully set forth at length.

115. The Policy, at Coverage X, provides coverage for:

> **Section II—Family Liability and Guest Medical Protection**
>
> **Family Liability Protection - Coverage X**
>
> **Losses We Cover Under Coverage X:**
> Subject to the terms, conditions and limitations of this policy, **we** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage**

arising from an **occurrence** to which this policy applies, and is covered by this part of the policy.

**We** may investigate or settle any claim or suit for covered damages against an **insured person**. If an **insured person** is sued for these damages, **we** will provide a defense with counsel of **our** choice, even if the allegations are groundless, false or fraudulent. **We** are not obligated to pay any claim or judgment after **we** have exhausted **our** limit of liability.

See Exhibit “A” at BS 0042.

116. The Policy, at Coverage Y, provides coverage for:

**Guest Medical Protection-Coverage Y**

**Losses We Cover Under Coverage Y:**
**We** will pay the reasonable expenses incurred for necessary medical, surgical, X-ray and dental services, ambulance, hospital, licensed nursing and funeral services, and prosthetic devices, eye glasses, hearing aids, and pharmaceuticals. These expenses must be incurred and the services performed within three years from the date of an **occurrence** causing **bodily injury** to which this policy applies, and is covered by this part of the policy.

Each person who sustains **bodily injury** is entitled to this protection when that person is:

1. on the **insured premises** with the permission of an **insured person**; or
2. off the **insured premises**, if the **bodily injury**:
   a) arises out of a condition on the **insured premises** or immediately adjoining ways;
   b) is caused by the activities of an **insured person** or a **residence employee**;
   c) is caused by an animal owned by or in the care of an **insured person**; or
   d) is sustained by a **residence employee**.

See Exhibit “A” at BS 0042-0043.

117. The Policy excludes, at Coverage X:

**Losses We Do Not Cover Under Coverage X:**

. . .

10. **We** do not cover **bodily injury** or **property damage** arising out of the past or present **business** activities of an **insured person**.

    **We** will not apply this exclusion to **bodily injury** or **property damage** arising from the occasional or part-time **business** activities of an **insured person** who is a student under 21 years of age who is self-employed and has no employees.

See Exhibit "A" at BS 0043-0044.

118. The Policy also excludes, at Coverage Y:

**Losses We Do Not Cover Under Coverage Y:**

. . .

9. **We** do not cover **bodily injury** arising out of the past or present **business** activities of an **insured person**.

   **We** will not apply this exclusion to **bodily injury** arising from the occasional or part-time **business** activities of an **insured person** who is a student under 21 years of age who is self-employed and has no employees.

10. **We** do not cover **bodily injury** to any person on the **insured premises** because of a **business** activity or professional service conducted there.

See Exhibit "A" at BS 0045-0046.

119. The Policy contains the following definitions:

**Definitions Used In This Policy**

. . .

1. **Bodily injury**—means physical harm to the body, including sickness or disease, and resulting death, . . .

. . .

3. **Business**—means:
   a) any full- or part-time activity of any kind engaged in for economic gain including the use of any part of the premises for such purposes. The providing of home day care services

to other than an **insured person** or relative of an **insured person** for economic gain is also a **business**.

However, the mutual exchange of home day care services is not considered a **business**;

b) the rental or holding for rental of property by an **insured person**. Rental of **your residence premises** is not considered a **business** when:
   1) it is rented occasionally for residential purposes;
   2) a portion is rented to roomers or boarders, provided not more than two roomers or boarders reside on the **residence premises** at any one time; or
   3) a portion is rented as a private garage.

4. **Dwelling**—means the single-family **building structure**, identified as the insured property on the Policy Declarations, where **you** reside and which is principally used as a private residence.

5. **Insured person(s)**—means **you**, and if a resident of **your** household:
   a) any relative; and
   b) any person under the age of 21 in **your** care

. . .

6. **Insured premises**—means:
   a) the **residence premises**; and . . .

7. **Occurrence**—means an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in **bodily injury** or **property damage**.

. . .

10. **Residence premises**—means the **dwelling**, other structures and land located at the address stated on the Policy Declarations.

. . .

12. **We**, **us**, or **our**—means the company named on the Policy Declarations.

. . .

> 14. **You** or **your**—means the person listed under Named Insured(s) on the Policy Declarations as the insured and that person's resident spouse.

See Exhibit "A" at BS 0023-0024.

120. Plaintiff in the Underlying Lawsuit alleges bodily injury against Phan and Truong.

121. The bodily injury alleged by Plaintiff in the Underlying Lawsuit occurred at 5401 Cedar Avenue on or about February 19, 2026. See Exhibit "B" at paragraph 10.

122. On or about February 19, 2026, the date of the injuries alleged by Plaintiff in the Underlying Lawsuit, Phan and/or Truong rented the first floor of 5401 Cedar Avenue to Family Snack & Candy. See Exhibit "H" at BS 0002-0003.

123. On or about February 19, 2026, Phan and/or Truong rented the first floor of 5401 Cedar Avenue for economic gain, specifically in the form of $1,800.00 monthly rent. See Exhibit "H" at BS 0003.

124. On or about February 19, 2026, the first floor of 5401 Cedar Avenue was not rented occasionally for residential purposes. Rather, the first floor of 5401 Cedar Avenue was rented full-time for commercial purposes. See Exhibit "H" at BS 0004.

125. On or about February 19, 2026, no portion of the first floor of 5401 Cedar Avenue was rented to roomers or boarders, and no portion of the first floor of 5401 Cedar Avenue was rented as a private garage.

126. On or about February 19, 2026, Family Snack & Candy operated a food establishment on the first floor of 5401 Cedar Avenue, which Phan and/or Truong leased to Family Snack & Candy for commercial purposes. See Exhibit "H" at BS 0002-0004 and Exhibit "J" at BS 0002.

127. Plaintiff in the Underlying Lawsuit alleges that, on or about February 19, 2026, she was present at 5401 Cedar Avenue as a business invitee and/or licensee when she tripped and fell on an improperly positioned and/or defective welcome mat. See Exhibit "B" at paragraph 10.

128. Therefore, the bodily injury alleged by Plaintiff in the Underlying Lawsuit arose out of Phan and/or Truong's past or present business activities, a rental of property by an insured person.

129. In addition, the bodily injury alleged by Plaintiff in the Underlying Lawsuit arose out of a business activity conducted at 5401 Cedar Avenue, namely, the food establishment operated by Family Snack & Candy.

130. Pursuant to the Joint Obligation Clause, cited above, the responsibilities, acts, and omissions of Phan and/or Truong are binding upon both Phan and Truong.

131. As such, the past or present business activities of either Phan or Truong are binding upon both Phan and Truong, and preclude coverage for both Phan and Truong.

132. Therefore, pursuant to the "business activities" exclusions cited above, there is no coverage for the claims asserted against Phan and Truong in the Complaint in the Underlying Lawsuit.

WHEREFORE, Plaintiff, Allstate Vehicle and Property Insurance Company, respectfully requests that this Honorable Court issue an Order declaring that Allstate does not have a duty to defend or indemnify Tuy Quoc Phan or Tam Ngoc Thu Truong under Allstate House & Home Policy, Policy No. 818012226, for the claims asserted by Nicole Petty in the Complaint filed in the Court of Common Pleas of Philadelphia County, Pennsylvania, Case No. 260602617, or for any claims asserted by Family Snack & Candy LLC d/b/a Family Snack and Smoke Shop, and

authorizing Allstate's selected counsel to withdraw his/her appearance on behalf of defendants Tuy Phan and Tam Truong in the aforementioned action upon Praecipe filed.

**COUNT V**

133. The averments contained in all preceding paragraphs of this Declaratory Judgment Complaint are incorporated by reference as if the same were more fully set forth at length.

134. The Policy excludes, at Coverage X:

> **Losses We Do Not Cover Under Coverage X:**
>
> . . .
>
> 13. **We** do not cover **bodily injury** or **property damage** arising out of any contract or agreement.

See Exhibit "A" at BS 0044.

135. Plaintiff in the Underlying Lawsuit alleges that she suffered bodily injury while at 5401 Cedar Avenue on or about February 19, 2026. See Exhibit "B" at paragraph 10.

136. Pursuant to a Lease, Phan and/or Truong leased the first floor of 5401 Cedar Avenue to Family Snack & Candy. See Exhibit "H" at BS 0001-0002.

137. The Lease was both a contract and an agreement between Phan and/or Truong and Family Snack & Candy.

138. The Lease was in effect on or about February 19, 2026, the date of Plaintiff in the Underlying Lawsuit's alleged bodily injury. See Exhibit "H" at BS 0002-0003.

139. The liability Plaintiff in the Underlying Lawsuit seeks to impose on Phan and/or Truong arising out of Plaintiff in the Underlying Lawsuit's alleged bodily injuries, was assumed by Phan and/or Truong when they signed the Lease with Family Snack & Candy.

140. Pursuant to the Joint Obligation Clause, cited above, the responsibilities, acts, and omissions of Phan and/or Truong are binding upon both Phan and Truong.

141. As such, the actions of either Phan or Truong in entering into a Lease with Family Snack & Candy are binding upon both Phan and Truong, and preclude coverage for both Phan and Truong.

142. Accordingly, the "contract or agreement" exclusion bars coverage for the claims asserted against Phan and Truong in the Complaint in the Underlying Lawsuit.

WHEREFORE, Plaintiff, Allstate Vehicle and Property Insurance Company, respectfully requests that this Honorable Court issue an Order declaring that Allstate does not have a duty to defend or indemnify Tuy Quoc Phan or Tam Ngoc Thu Truong under Allstate House & Home Policy, Policy No. 818012226, for the claims asserted by Nicole Petty in the Complaint filed in the Court of Common Pleas of Philadelphia County, Pennsylvania, Case No. 260602617, or for any claims asserted by Family Snack & Candy LLC d/b/a Family Snack and Smoke Shop, and authorizing Allstate's selected counsel to withdraw his/her appearance on behalf of defendants Tuy Phan and Tam Truong in the aforementioned action upon Praecipe filed.

**COUNT VI**

143. The averments contained in all preceding paragraphs of this Declaratory Judgment Complaint are incorporated by reference as if the same were more fully set forth at length.

144. The Policy excludes, at Coverage X:

> **Losses We Do Not Cover Under Coverage X:**
>
> . . .
>
> 11. **We** do not cover **bodily injury** or **property damage** arising out of any premises, other than an **insured premises**, owned, rented or controlled by an **insured person**. **We** will not apply this exclusion to **bodily injury** to a **residence employee**.

See Exhibit "A" at BS 0044.

145. The Policy also excludes, at Coverage Y:

**Losses We Do Not Cover Under Coverage Y:**

. . .

11. **We** do not cover **bodily injury** arising out of any premises, other than an **insured premises**, owned, rented or controlled by an **insured person**. **We** will not apply this exclusion to **bodily injury** to a **residence employee**.

See Exhibit "A" at BS 0046.

146. As mentioned above, the Policy contains the following definitions:

4. **Dwelling**—means the single-family **building structure**, identified as the insured property on the Policy Declarations, where **you** reside and which is principally used as a private residence.

. . .

6. **Insured premises**—means:
   a) the **residence premises**; and . . .

. . .

10. **Residence premises**—means the **dwelling**, other structures and land located at the address stated on the Policy Declarations.

See Exhibit "A" at BS 0023-0024.

147. As mentioned above, courts have held that the Policy language is clear that an insured's residency at the Property is a condition precedent to insurance coverage. Chong Chen v. Allstate Ins. Co., 2012 WL 460416, at *6 (E.D. Pa. Feb. 14, 2012) (citing Certain Underwriters at Lloyd's London, England v. Clark, 1998 WL 404807, at *6 (E.D. Pa. July 16, 1998) (holding that residency is a "condition precedent" to coverage in an insurance policy solely covering "residence premises")).

148. The Policy's definition of "insured premises" includes the "residence premises", which is the "dwelling" located at the address stated on the Policy Declarations. See Exhibit "A" at BS 0023-0024.

149. The Policy defines "dwelling" as "the insured property on the Policy Declarations, **where you reside and which is principally used as a private residence**." See Exhibit "A" at BS 0023-0024 (emphasis added).

150. The address stated in the Policy Declarations is 5401 Cedar Avenue, Philadelphia, PA 19143. See Exhibit "A" at BS 0008.

151. Accordingly, the Policy requires Phan and Truong to reside at 5401 Cedar Avenue.

152. However, on or about February 19, 2026, Phan and Truong did not reside at 5401 Cedar Avenue. See Exhibit "K" paragraphs 2-3.

153. Rather, on or about February 19, 2026, Phan and Truong resided at 902 Penn Avenue. See Exhibit "K" paragraphs 2-3.

154. In addition, on or about February 19, 2026, Phan and Truong did not use 5401 Cedar Avenue principally as a private residence.

155. Rather, on or about February 19, 2026, Phan and/or Truong leased and/or rented the first floor of 5401 Cedar Avenue to Family Snack & Candy for commercial use. See Exhibit "K" at paragraphs 2-4 and Exhibit "H" at BS 0002-0003.

156. Therefore, on or about February 19, 2026, 5401 Cedar Avenue was not the "residence premises" because Phan and Truong did not use 5401 Cedar Avenue principally as a private residence.

157. As such, on or about February 19, 2026, 5401 Cedar Avenue was not an "insured premises" because Phan and Truong did not reside at 5401 Cedar Avenue.

158. The Policy excludes coverage for bodily injury arising out of any premises, other than an insured premises. See Exhibit "A" at BS 0044, 0046.

159. Plaintiff in the Underlying Lawsuit alleges that she suffered bodily injury while at 5401 Cedar Avenue on or about February 19, 2026. See Exhibit "B" at paragraph 10.

160. Therefore, the bodily injury alleged by Plaintiff in the Underlying Lawsuit arose out of a premises, other than the insured premises.

161. Pursuant to the Joint Obligation Clause, cited above, the responsibilities, acts, and omissions of Phan and/or Truong are binding upon both Phan and Truong.

162. As such, the actions of either Phan or Truong in failing to reside at 5401 Cedar Avenue are binding upon both Phan and Truong, and preclude coverage for both Phan and Truong.

163. Accordingly, the "other premises" exclusion bars coverage for the claims asserted against Phan and Truong in the Complaint in the Underlying Lawsuit.

WHEREFORE, Plaintiff, Allstate Vehicle and Property Insurance Company, respectfully requests that this Honorable Court issue an Order declaring that Allstate does not have a duty to defend or indemnify Tuy Quoc Phan or Tam Ngoc Thu Truong under Allstate House & Home Policy, Policy No. 818012226, for the claims asserted by Nicole Petty in the Complaint filed in the Court of Common Pleas of Philadelphia County, Pennsylvania, Case No. 260602617, or for any claims asserted by Family Snack & Candy LLC d/b/a Family Snack and Smoke Shop, and authorizing Allstate's selected counsel to withdraw his/her appearance on behalf of defendants Tuy Phan and Tam Truong in the aforementioned action upon Praecipe filed.

Respectfully Submitted,

CURTIN & HEEFNER LLP

By: ______________________

Michael K. Lorenz, Esq.
Attorney I.D. #93611
1040 Stony Hill Road, Suite 150
Yardley, PA 19067
(215) 736-2521
mkl@curtinheefner.com
Attorneys for Plaintiff
Allstate Vehicle and Property
Insurance Company

**Dated:** November 11, 2026